JOSEPHINE D. McCLAVE et al.

*v.*

AUSTEN H. McGREGOR et al.

[Decided November 2d, 1906.]

A bill reciting an agreement between the parties for the sale of real estate and charging that defendant has failed to comply with his contract of purchase, and that he has, by recording the agreement, cast a cloud over complainant's title, and praying for its removal does not state a case within *3 Gen. Stat. p. 3486*, relating to suits to quiet title, and providing that where a person is in peaceable possession of lands, claiming to own the same, and his title thereto is denied, it shall be lawful for him to bring a suit to settle the title, &c., for complainant has an adequate remedy either by a suit for specific performance or for rescission.

On demurrer to a bill to quiet title.

*Messrs. Guild & Martin,* for the complainants.

*Mr. Thomas P. McKenna,* for the defendants.

BERGEN, V. C.

It is sought to support the bill filed in this cause under an "Act to compel the determination of claims to real estate in certain causes and to quiet the title to the same" (*3 Gen. Stat. p. 3486*), and the effort is challenged by a demurrer. The stating part of the bill of complaint is not confined to those matters required in a bill of this character; on the contrary, it recites an agreement between the parties for the sale and purchase of real estate, and charges that the defendant has neglected to comply with his written agreement in that behalf, beyond the payment of $2,500, made by him when the contract was executed, on account of the purchase price, which was $20,000. The gravamen of the complainant is that the defendant McGregor, by recording the agreement in the register's office in the county wherein the lands are situate, has cast a cloud over complainant's title, to dispel which this bill was filed.

Numerous reasons were specified by the demurrant, but we are met at the threshold with the question whether the subject-matter of this bill of complaint falls within the class of cases for which the statute intended to provide a remedy.

The encumbrance or cloud upon this title, set out in the bill of complaint, was one created in part by the act of the complainant, and manifestly the issue to be tried is whether the defendant has so conducted himself as to deprive him of the right to have his contract with the complainant specifically performed, or the consequent loss by forfeiture of the large payment made by him on account of the purchase price, if such relief were denied him. If the complainant does not desire specific performance, but rather a rescission of his contract, he has a right to come into this court, and, upon presenting an equitable case, ask to have the contract rescinded and given up to be canceled of record, in the same manner as if the encumbrance was a mortgage without consideration, or fraudulently obtained, and registered in the proper office. An ample equi-

table remedy to remove this cloud on his title being at hand, I do not consider that the complainant is justified in an attempt to obtain a rescission of his contract under the statute which he now invokes, and I am of the opinion that his proceeding falls under the condemnation of the rule adopted by Vice-Chancellor Stevenson, in *Van Houten* v. *Van Houten, 68 N. J. Eq.* (*2 Robb.*) *358.* The limitations attending a bill of this character are clearly analyzed and expressed by the late Chief-Justice Beasley, speaking for the court of errors and appeals, in *Jersey City* v. *Lembeck, 31 N. J. Eq.* (*4 Stew.*) *255,* where he says: "The inequity that was designed to be remedied grew out of the situation of a person in the possession of land as owner, in which land another person claimed an interest which he would not enforce, and the hardship was that the person so in possession could not force his adversary to sue, and thus put the claim to the test. * * * In the present instance the complainant had it in his power, by one of the customary processes of the law, to bring to judgment the claim he wished to control, and it would therefore seem to be going out of the way to maintain that this statute is applicable in aid of his inaction. If a party in possession of land can throw the hostile claim into a course of law, and thus get rid of the cloud overhanging his estate, why should he not do it? And what reason is there to say that this act was designed to help a party who was in no strait, but of his own choosing?"

In the case now under consideration the complainant may proceed to enforce the specific performance of his contract, or he may return the money he has received, and ask that the contract be rescinded and given up to be canceled.

Under the view which I entertain, and have here expressed, this demurrer should be sustained, and a consideration and determination of the other causes of demurrer will serve no useful purpose.

The case of *Austen H. McGregor* v. *Hilman O. Carriere et al.,* in which the same question arose and which was argued by counsel at the same time, is controlled by the determination of this cause, and the demurrer in that case will also be sustained, with costs in each case.